■ Siegel, Fenchel & Peddy, P.C., Profit Sharing Plan, et al., Appellants, v Chernoff, Diamond & Co., LLC, Respondent. [897 NYS2d 734]—

In an action for indemnification and contribution, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered November 18, 2008, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiffs in this action were defendants in a federal action brought by a former employee pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq.*), to clarify her rights to future benefits under certain employee pension benefits plans and to recover the value of related employee benefits that were promised to

her by the plaintiff law firm, Siegel, Fenchel & Peddy, P.C. (*see Strom v Siegel Fenchel & Peddy P.C. Profit Sharing Plan*, 497 F3d 234, 236 [2007]). That federal action eventually was settled, prompting the plaintiffs to commence this action for indemnification and contribution with respect to the settlement amount against the defendant actuarial firm, which had created the subject pension plans under the plaintiffs' direction.

The complaint alleges that the plaintiff law firm hired the defendant, inter alia, to draft and amend the subject pension plans in a way that would exclude the former employee from qualifying for increased benefits that the firm's equity members intended to retain only for themselves. The complaint further alleged that the plaintiffs were entitled to indemnification and contribution from the defendant under ERISA. The Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). We affirm.

The plaintiffs rely on the theory that the defendant was a "party in interest" responsible for multiple ERISA violations (*cf. Harris Trust & Sav. Bank v Salomon Smith Barney Inc.*, 530 US 238, 241 [2000]). Under section 502 (a) (3) of ERISA (29 USC § 1132 [a] [3]), a nonfiduciary of an employee benefit plan may be liable in a civil action as a "party in interest" to a transaction prohibited by ERISA's section 406 (a) (29 USC § 1106 [a]) (*see Harris Trust & Sav. Bank v Salomon Smith Barney Inc.*, 530 US 238, 241 [2000]; *see also* 29 USC § 1132 [a] [3]; § 1106 [a] [1] [A]). The Supreme Court properly found that the subject complaint was deficient because it failed to allege that any of the transactions were prohibited by section 406 (a) (29 USC § 1106 [a]).

Moreover, the plaintiffs failed to state a cause of action against the defendant for indemnification or contribution given that the underlying federal action was brought pursuant to section 502 (a) (1) (B) of ERISA to recover benefits due to the former employee under the terms of the subject plans and to clarify her rights to future benefits (*see* 29 USC § 1132 [a] [1] [B]). In contrast, ERISA's section 502 (a) (3) provides equitable relief only to enjoin a violation, enforce ERISA provisions, or redress violations which have harmed a pension plan (*see* 29 USC § 1132 [a] [3]). Since those bases for equitable relief were not asserted in the complaint, that section is inapplicable to the circumstances of this case and, therefore, cannot serve as a basis for the plaintiffs' indemnification and contribution causes of action. The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch

of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). Covello, J.P., Balkin, Austin and Sgroi, JJ., concur. [**Prior Case History: 2008 NY Slip Op 33128(U).**]